IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. CR417-061 |
| ) | |
| QUENTIN JENKINS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## O R D E R

Before the Court are Defendant Quentin Jenkins's Motion for Sentence Modification (Doc. 64) and the Government's Motion to Dismiss Defendant's Motion (Doc. 65). After careful consideration, the Government's motion (Doc. 65) is **GRANTED**, and Defendant's motion (Doc. 64) is **DISMISSED IN PART** and **DENIED IN PART**.

### BACKGROUND

In June 2021, Defendant admitted guilt to violations of the mandatory conditions of his term of federal supervised release. (Doc. 58 at 1.) Defendant was sentenced to 8 months' imprisonment. (Id. at 2.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Jesup located in Jesup, Georgia, with a projected release date of January 25, 2022. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on October 21, 2021).

**ANALYSIS**

In his motion, Defendant asks the Court to order his federal sentence to run concurrent with his state sentence. (Doc. 64 at 2.) According to Defendant, the BOP will not give him credit for time served from February 24, 2021, until June 22, 2021, because it has already been credited to his state sentence. (Id. at 1, 4.) The Government moves to dismiss Defendant's motion on the grounds that Defendant has not presented a valid reason for the Court to modify his sentence and that the Court lacks jurisdiction over Defendant's request for time served credit. (Doc. 65 at 2-6.) For the following reasons, the Court finds Defendant's motion is due to be denied in part and dismissed in part.

Essentially, Defendant is asking the Court to modify his federal sentence so that it runs concurrent to his state sentence. (Doc. 64 at 2.) As the Government highlights, there are limited circumstances in which a district court can modify a final judgment. (Doc. 65 at 2 n.3 (citing United States v. Stossel, 348 F.3d 1320, 1321-22, 1322 n.2 (11th Cir. 2003)). In this case, Defendant has not asserted a valid claim for sentence reduction under 18 U.S.C. §§ 3582, nor has Defendant alleged that the Court's sentence resulted from clear error warranting a correction under Federal Rule of Criminal Procedure 35(a). Accordingly, to the extent Defendant asks the Court to modify its final judgment, Defendant's motion (Doc. 64) is **DENIED**.

To the extent Defendant is challenging the BOP's calculation of his time served credit, his motion is not properly before the Court. The BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) ("[T]he Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing." (citation omitted)); United States v. Robertson, 746 F. App'x 883, 885 (11th Cir. 2018) (per curiam) ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts." (citation omitted)). "Granting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before seeking judicial review." United States v. Martin, 362 F. App'x 69, 70 (11th Cir. 2010) (per curiam) (citation omitted).

If Defendant has exhausted his administrative remedies, the proper procedure for Defendant to mount a judicial challenge to the BOP's calculation of his time served credit is to file a civil action under 28 U.S.C. § 2241 in the district and division of his confinement. See United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought

3

under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." (citation omitted)); United States v. Lassiter, 812 F. App'x 896, 900 (11th Cir. 2020) ("Although the district court for the Southern District of Alabama had sentenced Appellant, it had no jurisdiction to entertain his § 2241 petition for sentencing credit when Appellant was incarcerated in another district."). At this time, Defendant is incarcerated at FCI Jesup in Jesup, Georgia. Accordingly, if Defendant wishes to challenge the BOP's calculation of his sentence, Defendant must, after exhausting his administrative remedies, file a § 2241 petition for sentencing credit in the United States District Court for the Southern District of Georgia, Brunswick Division. As a result, to the extent Defendant's motion challenges the BOP's calculation of his time-served credit, the Government's motion to dismiss (Doc. 65) is **GRANTED**, and Defendant's motion (Doc. 64) is **DISMISSED**.

SO ORDERED this 25ᵗʰ day of October 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA